MARIE MADER, PLAINTIFF IN ERROR, V. EDWARD MAURER, DEFENDANT IN ERROR.

**Work and Labor:** EVIDENCE. In an action to recover for work and labor, the defendant on the trial admitted "that the services performed were reasonably worth $16 per month, if there was a contract established, either express or implied." *Held*, That the weight of testimony tended to establish a contract between the plaintiff and defendant for the payment of such services.

ERROR to the district court for Douglas county. Tried below before WAKELEY, J.

*Simeon Bloom, Cavanagh, Crane & Atwell*, and *D. Van Etten*, for plaintiff in error, cited : *Wilson v. Bauman et al.*, 80 Ill., 493. *Dana v. Short*, 81 Ill., 468. *Neal's Executors v. Gilmore*, 79 Penn. State, 421. *Van Sandt v. Cramer, Adm'r*, 60 Iowa, 427. *Wells v. Perkins*, 43 Wis., 160. *Ewarth v. Nier*, 11 Neb., 441.

*Charles Ogden* and *Parke Godwin*, for defendant in error.

MAXWELL, J.

Marie Mader, the plaintiff, on the 25th day of September, 1885, brought an action in the district court of Douglas county against Edward Maurer, the defendant in error, to recover the sum of $915, which she alleged was due to her

under a contract between herself and Maurer, by which Maurer agreed to pay her. the sum of $16 per month for her services as superintendent of the kitchen and cooking department of Maurer's restaurant business in the city of Omaha, the defendant in error being engaged in the saloon business in Omaha, and in addition to said business he was conducting a restaurant in the same place of business in connection with his saloon. It appears from the testimony that the plaintiff in error worked for the defendant from the 9th day of October, 1880, and continued in his employment to the 15th day of July, 1885. The defense is, in effect, that the defendant did not enter into a contract with the plaintiff to pay her $16 a month, or any other sum, but simply agreed to provide her a home and treat her as a member of his family, in consideration of her services. The case has been tried to a jury three times.

The first trial resulted in a verdict in her favor for $957.70. This verdict was set aside, and a new trial granted. The second trial resulted in the disagreement of the jury. On the third trial a verdict was rendered in favor of the defendant.

The testimony tends to show that, early in the year 1880, the plaintiff kept a boarding house in the city of Omaha, and the defendant was one of her boarders. Early in that year her boarding house was closed, and in October, 1880, she commenced keeping house for the defendant. A few months afterwards the defendant opened a restaurant in connection with his saloon, and the plaintiff did the cooking. In 1882 the defendant was married, but the plaintiff seems to have been on amicable terms with the defendant's wife, and continued to be chief cook, except when sick, until shortly before she left his employment, in July, 1885. There is some testimony tending to show that the plaintiff was a skillful and experienced cook, and that, therefore, business was attracted to the defendant's restaurant. The plaintiff, at the time she commenced

keeping house for the defendant, is shown to have been upwards of fifty years of age, and to have been possessed of some money, which she loaned to the defendant at 8 per cent interest. This money and the interest, however, have been repaid. The defendant also paid her $240 at various times. This is stated to have been in the form of presents, but evidently was intended as compensation for her services.

On the trial the defendant, by his attorneys, admitted that "the services which she performed were reasonably worth $16 per month, if there is a contract established, either express or implied."

In our view there is sufficient testimony to show a contract on the part of the defendant to pay the plaintiff for her services from the time he opened his restaurant in the year 1881; and a jury would be warranted in finding that there was such contract from the time she entered his service in October, 1880. But, even if the defendant's testimony is true, and that the plaintiff entered his service as a member of his family and to secure a home, and not for compensation, the same reasons would not apply after the defendant opened his restaurant and the plaintiff's labor was thereby greatly increased, unless it was still understood that she was to receive no compensation for her services. In our view, however, the clear weight of testimony tends to sustain the plaintiff's allegations, that she was to be paid for her services, and as it is admitted that they were worth $16 per month, there must be a new trial. It is unnecessary to discuss the other questions presented in the brief of the plaintiff in error, as probably they will not arise on the next trial.

The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.